**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROUNA FALL, | No. 16-35468 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00919-JCC |
| v. | |
| DELTA AIR LINES, INC., a foreign corporation; JANE DOE 1; JANE DOE 2; JANE DOE 3; JANE DOE 4; JANE DOE 5; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3; JOHN DOE 4; JOHN DOE 5, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted July 11, 2018[**]
Seattle, Washington

Before: FERNANDEZ, CLIFTON, and NGUYEN, Circuit Judges.

This Court reviews a district court's grant of summary judgment de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1202 (9th Cir. 2016). Summary judgment is affirmed if and only if there is no genuine issue of material fact, even when the evidence is viewed in the light most favorable to the nonmoving party. *Id.*

Fall alleges violations of both the Washington Law Against Discrimination (WLAD) and Title VII. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir. 2002). Acts that occurred outside the limitations period cannot evidence discrimination unless they are part of a hostile work environment, which "is ambient and persistent, and . . . continues to exist between overt manifestations." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 444–45 (9th Cir. 2017) (quoting *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1108 n.1 (9th Cir. 1998)); *see also RK Ventures, Inc.*, 307 F.3d at 1061 n.13. This framework is the same for claims under both Title VII and WLAD. *Antonius v. King Cty.*, 153 Wash. 2d 256, 270 (2004).

The incidents Fall complains of were not sufficient in similarity or frequency to raise a material question of fact as to the existence of a hostile work environment. *See Porter v. California Dep't of Corr.*, 419 F.3d 885, 893 (9th Cir.

2005). As such, the only incidents that can speak to Fall's discrimination claim are those incidents not time barred.

Washington's general three-year statute of limitations for personal injury actions applies to WLAD claims. *Antonius*, 153 Wash. 2d at 261-62 (2004); *see* RCW 4.16.080(2). Incidents that occurred before February 2012 are time barred under WLAD. The only incidents not so time barred are the March 2012 confrontation with Elisabeth Blake, the June 2013 confrontation with Tracy Morrison, and the October 2013 harassment by Juan Zabala and subsequent termination. Under WLAD, to establish a prima facie case of disparate treatment, an employee must show, *inter alia*, that he was treated less favorably than a similarly situated, nonprotected employee. *Washington v. Boeing Co.*, 105 Wash. App. 1, 13 (2000).

All but two of Fall's claims are time barred under Title VII as well. Under Title VII, a complainant must file charges with the EEOC within 180 days of the alleged discrimination, or 300 days if the complainant initially instituted proceedings with a state or local agency. 42 U.S.C. § 2000e–5(e); *see Green v. L.A. Cty. Superintendent of Sch.*, 883 F.2d 1472, 1473 (9th Cir. 1989). Only the June 2013 confrontation and the October 2013 harassment, along with the subsequent termination, are not time barred under Title VII. Under Title VII, Fall must

3

demonstrate, among other things, that "similarly situated employees were treated more favorably . . ." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 691 (9th Cir. 2017). None of the relevant incidents raise a material question of fact as to a prima facie case under WLAD or Title VII.

Fall has failed to identify a similarly situated individual. First, Fall held a supervisory position, while Elisabeth Blake did not. *See Vasquez v. Cty. of L.A.*, 349 F.3d 634, 641 (9th Cir. 2003). Second, while Fall had been previously discplined for aggressive behavior, Tracy Morrison had no such disciplinary record. Finally, Juan Zabala accused Fall of aggressive behavior, while no such complaints had been made against Zabala. Fall has failed to show that he was treated differently than a similarly situated employee. Thus, he has failed to raise a question of material fact as to whether, under either Title VII or WLAD, he has a valid prima facie case of disparate treatment. We affirm the district court's grant of summary judgment against Fall.

**AFFIRMED.**